Leschey *v.* Leschey, Appellant.

Argued May 26, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ. Appeal, No. 23,

*Herbert B. Cohen,* for appellants.

*W. Burg Anstine,* with him *Anstine & Shadle,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, June 26, 1953:

William N. Leschey died a resident of York County, Pennsylvania, leaving a widow, Eleanor F. Leschey, with whom he was living at the time of his death and five children of a former marriage as his next of kin. He was buried in a lot in the Mt. Olivet Cemetery at Hanover, York County. The widow, Eleanor F. Leschey, brought a bill in equity against decedent's daughter, Anna Leschey Dill, as executrix of the decedent's will, the other four children of the deceased and the Mt. Olivet Cemetery Association, the purpose of which was to obtain authorization by the court to remove the remains of George F. Leschey, a brother of the decedent, from the lot in which both were interred to another place in the same lot in order to provide for her future burial beside her husband, or, in the alternative, for authorization to remove the remains of her husband, William N. Leschey, to another lot in the same cemetery which would permit her future burial at his side. After dismissal of preliminary objections to the bill filed by some of the defendants, the cause proceeded to hearing, and thereafter the court entered a decree nisi granting the alternative prayer of the bill, authorizing the removal by the widow of the remains of her husband, William N. Leschey, for sepulture in another lot in the same cemetery at her cost and expense and enjoining the defendants from interfering in any way with such reinterment. Following the dismissal of exceptions thereto, the decree nisi was entered as a final decree. Defendants appeal therefrom. The defendant cemetery association remained neutral throughout the litigation and the real disputants are the widow on the one hand and the decedent's children by his first wife on the other.

The facts essential to the disposition of this controversy are: William N. Leschey died on July 29, 1945 leaving a last will and testament dated June 25, 1943 which was duly probated on August 6, 1945. Item First of his will provided, inter alia: "It is my desire that my body be buried on the Leschey lot in Mt. Olivet Cemetery at Hanover, York County, Pennsylvania, at which place my beloved mother and sister are interred. I direct that the remaining space on said burial lot be reserved for and used for the burial of my wife, Elenor F. Leschey, and my brother, George F. Leschey.". At the time of the decedent's burial his mother and sister had been buried in the lot which did not permit of more than four burials. Thus there was space for the burial of the testator and his widow at the time of his death, but three months after his interment the defendant-executrix caused the remains of the decedent's brother, George F. Leschey, who died in February of 1945 and who was buried in a cemetery in Lancaster, Pennsylvania, the place of his residence, to be removed to the Leschey lot in the Mt. Olivet Cemetery and thereby precluded another burial in this lot. This was done without the knowledge of the appellee-widow who never consented thereto. She protested when she learned of this reinterment which foreclosed her future burial in the Leschey lot. Appellee purchased another lot in the Mt. Olivet Cemetery and obtained from the Bureau of Vital Statistics of the Commonwealth permission to remove the remains of her husband or of George F. Leschey to another lot in the Mt. Olivet Cemetery. The cemetery association refused to permit such removal because of objections made by some of the defendant children. At the audit of the second and partial account of the defendant-executrix, appellee withdrew certain exceptions thereto in consideration of the promise of the appellant children that no objection would

be made by them to the removal of the remains of George F. Leschey from the burial lot. At the same time the deed to the lot was delivered to appellee in open court. The foregoing statement of facts is in accord with the chancellor's findings. They are not questioned on this appeal which is directed solely to the lower court's conclusions of law.

In this country the universal rule appears to be that upon the death of a husband or wife, the primary and paramount right to possession and custody of a body and to control the burial or disposition thereof is in the surviving spouse and not in the children or next of kin, at least in the absence of a different provision by the deceased. See 15 Am. Jur., §9, p. 834. As to re-interment it is stated in the same volume of Am. Jur., §21, p. 843: ". . . The better rule seems to be, however, that if the widow has not waived her right, she may, against the objections of the next of kin, remove her husband's body, after interment, to another place of sepulture. . . .". The case of *Pettigrew v. Pettigrew*, 207 Pa. 313, 56 A. 878, is considered a leading case on the subject not only in Pennsylvania but in other jurisdictions. There a decedent died leaving a widow and one child, a daughter. About a year after his burial the daughter died and was buried in a different cemetery where the widow had purchased a lot after her husband's death. Shortly after the death and burial of the daughter, the widow had a grave dug beside the grave of the daughter for the purpose of reinterring the body of her husband therein. It appeared that there was not room for the burial of the daughter and widow in the plot where the body of the husband-father was buried unless all occupied the same grave. A bill in equity brought by the decedent's brother and sisters to prevent the proposed removal of his body was dismissed. Following an elaborate review of the author-

ities, Mr. Chief Justice MITCHELL, at p. 319, stated: "The result of a full examination of the subject is that there is no universal rule applicable alike to all cases, but each must be considered in equity on its own merits having due regard to the interests of the public, the wishes of the decedent and the rights and feelings of those entitled to be heard by reason of relationship or association. Subject to this general result it may be laid down first, that the paramount right is in the surviving husband or widow, and if the parties were living in the normal relations of marriage it will require a very strong case to justify a court in interfering with the wish of the survivor. Secondly, if there is no surviving husband or wife, the right is in the next of kin in the order of their relation to the decedent, as children of proper age, parents, brothers and sisters, or more distant kin, modified it may be by circumstances of special intimacy or association with the decedent. Thirdly, how far the desires of the decedent should prevail against those of a surviving husband or wife is an open question, but as against remoter connections, such wishes especially if strongly and recently expressed, should usually prevail. Fourthly, with regard to a reinterment in a different place, the same rules should apply, but with a presumption against removal growing stronger with the remoteness of connection with the decedent and reserving always the right of the court to require reasonable cause to be shown for it.".

If there were no expression of the decedent's desires in the present case, the wishes of the widow, under the rule laid down in the *Pettigrew* case, would be paramount and prevail over those of the children. We do not think that the direction in his will prevents the application of this rule. The reason for the preference given to the surviving spouse in the matter of interment

or reinterment unquestionably is founded upon the relationship between husband and wife as the closest family tie. Therefore, where, as here, the husband expresses a desire that his wife and his brother be buried in the same lot where he is interred and this becomes impossible, it is fair to presume that the decedent's primary desire was that his wife be close to him in death as in life. This natural presumption is strengthened by the fact that his wife is first mentioned.

Appellants contend that appellee waived her superior right in the matter because she consented to the decedent's original interment. But when the decedent was buried, there still remained space in the Leschey lot for her future burial beside him. It was not until the remains of George F. Leschey were transferred without her knowledge from the Lancaster cemetery and reinterred in the remaining available grave in the Leschey lot in the Mt. Olivet Cemetery that she had cause for concern. Immediately upon notice of such removal and reinterment of George F. Leschey, she protested to the parties who were responsible for it. A reading of the entire record causes us to agree with the statement in the opinion of the lower court that ". . . It must be apparent that the disinterment of George F. Leschey whose funeral expenses were originally paid by the estate of William N. Leschey, deceased, was engineered by the defendants for no other reason than to defeat the testator's expressed desire that his wife be buried on a family burial lot with him. The fact that the remains of George F. Leschey were placed immediately adjacent to those of William N. Leschey in such manner as to prevent the placing of the remains of his wife by his side is further evidence that the children were not acting from proper motives. The additional fact that the transfer of the remains of George F. Leschey from Lancaster to Hanover was accomplished without

consulting with the widow is further evidence of their bad faith in the matter.".

This is a proceeding in equity. Appellants did not better their position before the chancellor when they refused to abide by their agreement, above referred to, that the remains of George F. Leschey could be removed to provide for appellee's future burial in the Leschey lot. Appellants' contention in the court below was that they had no right or authority to enter into this agreement or to deliver the deed to the lot to appellee. Reliance upon the agreement caused appellee to withdraw exceptions to the executrix's account, thus surrendering, according to the chancellor, "valuable property rights". By appellants' contention they were seeking the aid of a court of equity to assist them in the violation of an agreement of their own making. This matter or issue was not raised by appellants in this Court, but we can say that whether or not appellants had authority to make the agreement being discussed and to deliver the deed to the cemetery lot, their conduct in this regard was a proper matter for the chancellor, in his consideration of the equities of the case, to contrast with the conduct of the appellee whom he found had acted throughout the controversy in a "fair and reasonable" manner.

In their oral argument before this Court counsel for appellants emphasized and pressed a contention stated in their brief as follows: "The chancellor of the court below applied a misconception of the law to contravene his opinion of proper equitable relief as expressed in open court.". In their pleadings and throughout the hearing the position of the appellant children, or at least four of them, was one of opposition to any interference with or change in the state or condition of the Leschey lot. At the close of the hearing, appellants' counsel stated to the court that four of the ap-

pellant children would agree to the removal of the remains of their father, William N. Leschey, if reinterred in some other cemetery.[1] This constituted an offer of compromise in settlement of the controversy. The chancellor, no doubt because of the desirability of a settlement, especially in a case of this character and the evident hostility of the parties, expressed the view that appellants' offer was reasonable and should be favorably considered by appellee.[2] The offer was not acceptable to appellee and a settlement was not effected. It is not unusual at pre-trial conference or during the trial of a case, or at any time before the final disposition of a case, for a judge to favor an offer of compromise made by one of the parties, but if an agreement of settlement is not reached, he must proceed and decide the case according to the law and the facts. Appellants' novel contention is without merit. The judge properly proceeded after making findings and argument thereon, to decide the case under a correct conception of the law.

Appellee sufficiently showed a reasonable cause for the removal and reinterment sought and under the circumstances her rights in this regard were superior

---

[1] Counsel stated that this offer was reluctantly made because the four children felt that to have their father, William N. Leschey, buried in the same cemetery next to one who is not their mother would be "highly embarrassing to them" as children of a previous union. This belated offer was rather inconsistent with the agreement made by them at the audit of the executrix's second account that the remains of their uncle, George F. Leschey, could be removed to provide for future burial of the widow beside their father.

[2] It is to be noted that decedent's daughter, Anna Leschey Dill, the executrix of her father's will, who filed a separate answer agreeing that the remains of George F. Leschey be removed to another place in the same lot (which was not feasible) was not included as a party, individually or as executrix, on behalf of whom the offer was made.

to those of the children. It may be observed in passing that the four children were evidently more interested in thwarting the widow's desires than in observing their father's wishes. It is questionable whether the court had authority to permit the removal of the remains of George F. Leschey because it does not appear that all of the persons having an interest in his reinterment were before the court. In appellee's answer to the bill it is averred that ". . . consent for removal of the remains of George F. Leschey, deceased, must be obtained from innumerable parties other than those set forth in Par. X of the Amended Bill of Complaint [the appellant children of William H. Leschey].". The court properly granted the alternative prayer for relief authorizing appellee to remove the remains of her late husband to another lot in the same cemetery to provide for her future burial beside him.

Decree affirmed at the cost of appellants.