## Miller v. New Holland Cemetery Association

*Luria & Ruch*, for plaintiff.
*Earl R. Doll*, for defendants.

SHERWOOD, P. J., October 28, 1957.—The pleadings in this case consist of plaintiff's complaint, defendants' answer, testimony taken on behalf of the parties and argument before the chancellor after request for findings of fact and conclusions of law.

Plaintiff seeks equitable relief, her prayer being as follows: That defendant, New Holland Cemetery Association, be ordered and directed to permit and allow the removal of the remains of Clarence A. Miller, deceased, to the Gettysburg National Cemetery, Gettys-

burg, in accordance with the desires and direction of decedent expressed during his lifetime.

## Findings of Fact

1. That Grace D. Miller, plaintiff, and Clarence A. Miller were joined in marriage on July 31, 1938.

2. That they continued to live together as man and wife until his death on September 24, 1952.

3. That after the death of Clarence A. Miller on September 24, 1952, he was buried in the New Holland Cemetery at Saginaw, York County.

4. That at the time of the death of Clarence A. Miller, his widow, Grace D. Miller, was in a state of shock, under a doctor's care as the result of the news of his death, and was not in a physical condition to participate in the arrangements for his funeral.

5. That said funeral arrangements were completed by defendants, Margaret Smith, Ann Derr, Clarence Miller, Jr., Eugene Miller and Henry Miller, being the children of a prior marriage of Clarence A. Miller, without objection on the part of plaintiff.

6. That during the lifetime of Clarence A. Miller he stated to his widow and friends that he desired to be interred in the National Cemetery located at Gettysburg.

7. That the New Holland Cemetery at Saginaw, York County, has never issued a certificate of title of ownership for the lot upon which Clarence A. Miller is interred.

8. That the New Holland Cemetery at Saginaw, York County, has no objections to the reinterment of Clarence A. Miller.

9. That plaintiff, Grace D. Miller, is attempting to carry out the wishes of Clarence A. Miller in this proceeding.

10. That plaintiff at all times acted in good faith, being motivated solely by her desire to comply with

the express wish of her late husband to be interred in the National Cemetery at Gettysburg, he being a veteran.

11. That Grace D. Miller, plaintiff, paid for the cemetery lot and also for perpetual care of said lot in which her husband, Clarence A. Miller, was buried.

12. That there is sufficient space in the cemetery lot for the burial of plaintiff, Grace D. Miller, in order that she may be interred alongside decedent, Clarence A. Miller.

13. That the New Holland Cemetery Association has no objections to the reinterment of Clarence A. Miller so long as the Clarence A. Miller lot is restored to the same condition as it was prior to interment.

*Discussion*

Clarence A. Miller died September 24, 1952, leaving to survive him a widow, Grace D. Miller, plaintiff in this action. By a previous marriage, Clarence A. Miller, decedent, had five children, Clarence, Jr., Mary, Ann, Henry and Eugene, defendants in this action. Clarence A. Miller was buried in the New Holland Cemetery, Saginaw, also a defendant herein, in a burial lot where the first wife of Clarence A. Miller was buried. On December 9, 1952, Grace D. Miller, plaintiff, put the burial lot in perpetual care and/or also paid $10 for the price of the burial lot. Sometime early in 1953, Grace D. Miller expressed the desire to remove the remains of her husband's body from the New Holland Cemetery to the National Cemetery at Gettysburg. The children of decedent opposed the removal of their father's body from the New Holland Cemetery, and the New Holland Cemetery Association refused permission to have the body removed unless all parties consented. Thereafter, Grace D. Miller, plaintiff, brought this action in equity against the children of Clarence A. Miller, decedent, and New

Holland Cemetery Association for the necessary order to allow her to remove the body of Clarence A. Miller, decedent, from the New Holland Cemetery to the National Cemetery at Gettysburg.

In this proceeding, plaintiff widow seeks to remove the remains of her husband from the New Holland Cemetery and to reinter him in the National Cemetery at Gettysburg. The children of the deceased oppose the removal and reinterment and contend plaintiff has waived her right to reinter her husband inasmuch as plaintiff, present at the time, made no objection to the burial of her husband in the New Holland Cemetery, the event leading up to his burial taking place on the same day as his death.

The leading cases setting forth the legal principles applicable in cases of this type are Pettigrew v. Pettigrew, 207 Pa. 313, and Leschey v. Leschey, 374 Pa. 350.

"In this country the universal rule appears to be that upon the death of a husband or wife, the primary and paramount right to possession and custody of the body and to control the burial or disposition thereof is in the surviving spouse and not in the children or next of kin, . . .

" 'The better rule seems to be, however, that if the widow has not waived her right, she may, against the objections of the next of kin, remove her husband's body, after interment, to another place of sepulture. . . .'

"The court requires reasonable cause to be shown for it": Leschey v. Leschey, supra, p. 353.

The sole question is whether or not Grace D. Miller has waived her right to reinter.

In Leschey v. Leschey, supra, at page 354, the court said:

"First, that the paramount right is in the surviving

husband or widow, and if the parties were living in the normal relations of marriage it will require a very strong case to justify a court in interfering with the wish of the survivor."

It seems to the court that considering the factual situation, that everything that was done in relation to the burial in the New Holland Cemetery was done on the very day of decedent's death, under such conditions, the strain under which plaintiff was suffering, together with the fact expressed not only to herself but to others that her husband desired to be buried in the National Cemetery at Gettysburg, he being a veteran, should if possible be carried out, and plaintiff attempted to do this within a period of less than three months from the date of his death. We feel, under such facts, that there was no waiver on the part of plaintiff, particularly as the reinterment of decedent in accordance with plaintiff's desires would not offend the interest of the public or the wishes of decedent.

Plaintiff and her husband had lived together happily for a period of 14 years, and we conclude that the testimony of plaintiff relative to the desires made by the husband to be buried in the National Cemetery at Gettysburg is a fact and his desire and wish should be considered and granted by the court. It follows that the prayer of plaintiff must be granted.

### Conclusions of Law

1. Upon the death of a husband or wife, paramount right to custody of the body and to control the burial or disposition thereof is in surviving spouse and not in children or next of kin in absence of different provisions by deceased.

2. A widow may remove her husband's body after interment to another place of burial if she has not waived her right and she may do so against objections of next of kin.

3. A widow has not waived her right to reinter the body of her husband when she is carrying out his expressed desires.

4. Plaintiff wife has not lost or waived her paramount right to direct the place and manner of her husband's reinterment.

5. The reinterment of decedent would not offend the interests of the public or the wishes of decedent.

6. Plaintiff is entitled to a decree directing the re-interment of the remains of decedent in the National Cemetery located at Gettysburg, subject to the condition that the burial lot in the New Holland Cemetery be restored to the condition it was in prior to interment, the cost thereof to be paid by plaintiff.

And now, to wit, October 28, 1957, at 10 a.m., it is ordered, adjudged and decreed that the widow, Grace D. Miller, plaintiff, be and is hereby authorized to remove from the Miller lot in the New Holland Cemetery at Saginaw, the remains of her late husband, Clarence A. Miller, for sepulture in the National Cemetery at Gettysburg, at her own cost and expense, including the cost of restoring the Miller lot in the New Holland Cemetery at Saginaw to the condition it was in prior to interment; and the said defendants, New Holland Cemetery Association, Margaret Smith, Ann Derr, Clarence Miller, Eugene Miller and Henry Miller, are hereby enjoined and restrained from in any way interfering with plaintiff, Grace D. Miller, in the removal of the remains of her late husband, Clarence A. Miller, from its present burial place of sepulture in said New Holland Cemetery; and this decree is hereby entered as a decree nisi, and unless exceptions are filed thereto within 20 days, upon plaintiff filing the necessary praecipe with the prothonotary, the prothonotary is directed to enter the decree nisi as a final decree.