## Shipley Estate

*Peter G. Schaaf* and *MacDonald, Illig, Jones & Britton,* for petitioner.

*John G. Gent, John P. Leemhuis, Waldo E. Rassas, Quinn, Plate, Gent, Buseck & Leemhuis,* for respondents.

DWYER, P. J., March 2, 1970.—On February 19, 1970, Dr. Darrell Ray Shipley was killed when his plane crashed in Fairview Township, County of Erie, Pa. When this event became known, a floodgate opened and a series of bizarre events flowed forth.

Joanne E. Shipley, of Erie, Pa., immediately requested the remains, claiming to be decedent's widow. Almost at the same time, word came to the Erie County coroner that decedent's wife in Clarksville, Tenn., one Bobbie Sue Shipley, also requested the remains.

As a result of these conflicting claims, Joanne E. Shipley, of Erie, through her attorneys, presented a petition to this court asking for an order authorizing her to arrange for decedent's burial on the grounds that she is his lawful surviving spouse.

A citation was issued and service thereof accepted on behalf of Bobbie Sue Shipley and the Third National Bank of Nashville.*

The citation was accepted personally by Charles Shipley, decedent's father, and also by his attorneys on his behalf.

---

* The Third National Bank of Nashville is named as executor in a will executed by decedent on May 11, 1967, which will had not been probated at the time of the hearing on this petition. All parties stipulated that for purposes of the petition filed in this court that said trust company could proceed as though it had been appointed executor of decedent's will.

The testimony presented at the hearing indicated that in 1955 decedent and Bobbie Sue Shipley were married. In 1963, while this marriage was still in effect, decedent and petitioner, Joanne E. Shipley, were married. On January 17, 1964, Bobbie Sue Shipley secured a divorce from decedent. On May 15, 1964, an annulment was secured declaring null and void the aforesaid marriage ceremony of Joanne E. Shipley and decedent, which had been entered into in 1963. On November 21, 1964, Joanne E. Shipley and decedent were married. From the testimony presented, the relationship created by this last ceremony existed in fact and in law until decedent's death.

From the above testimony, this court concludes that petitioner is the lawful widow of Darrell Ray Shipley and, therefore, has standing to process her petition concerning the burial rights of decedent.

A copy of the will of decedent dated May 11, 1967, was presented at the hearing and agreed to by the parties as containing decedent's words concerning his wishes regarding burial. This appears as paragraph XI in said will and is quoted as follows:

"It is my desire to be buried in Clarksville, Tennessee. Should Bobbie Sue Shipley predecease me, it is my desire to be buried at her side and I request my Executor to see that this provision of my will is carried out."

The question presented here is, "Can the wishes of the surviving lawful widow respecting a burial site for the decedent's remains be granted when such wishes are contrary to those set forth in the decedent's will, executed almost three years prior to his death, and when said lawful widow's wishes are also contrary to the desires of the decedent's parents and the named executor in his will?"

The orphans' court has exclusive jurisdiction over questions concerning control of a decedent's burial:

Orphans' Court Act of August 10, 1951, P. L. 1163, sec. 301(1) as amended, 20 PS §2080.301(1). See also Eberhardt v. Ovens, 436 Pa. 320 (1969).

A decedent has the right to dispose of his property as he sees fit, but under the law his body is not considered as property and, consequently, his request concerning his burial may or may not be adhered to, depending upon the circumstances existing in a particular case: 22 Am. Jur. 2d, Dead Bodies, §4, p. 557. See also Pettigrew v. Pettigrew, 207 Pa. 313 (1904).

"The paramount right as to the burial of the dead is in the spouse; second, in the next of kin in the order of their relation; and third, the desires of the decedent may or may not prevail against those of the spouse, but usually will prevail over the next of kin": 3 Hunter, Pa. Orphans' Court, Funeral, §3 (1959).

The above is hornbook law.

In Pettigrew, supra, which is a leading case in this field, not only in Pennsylvania but also in other jurisdictions, Mr. Chief Justice Mitchell, at page 319, stated:

"The result of a full examination of the subject is that there is no universal rule applicable alike to all cases, but each must be considered in equity on its own merits having due regard to the interests of the public, the wishes of the decedent and the rights and feelings of those entitled to be heard by reason of relationship or association.

"Subject to this general result it may be laid down first, that the paramount right is in the surviving husband or widow, and if the parties were living in the normal relations of marriage it will require a very strong case to justify a court in interfering with the wish of the survivor.

"Secondly, if there is no surviving husband or wife, the right is in the next of kin in the order of their relation to the decedent, as children of proper age, par-

ents, brothers and sisters, or more distant kin, modified if may be by circumstances of special intimacy or association with the decedent.

"Thirdly, how far the desires of the decedent should prevail against those of a surviving husband or wife is an open question, but as against remoter connections, such wishes especially if strongly and recently expressed, should usually prevail."

It seems clear that under the law a surviving spouse's desires as to burial will be honored over those of all other survivors.

"The reason for the preference given to the surviving spouse in the matter of interment or reinterment unquestionably is founded upon the relationship between husband and wife as the closest family tie": Leschey v. Leschey, 374 Pa. 350, 354, 355 (1953).

It appears obvious in instant case that petitioner, Joanne E. Shipley, having been decedent's lawful wife at his death, must be accorded prior rights and privileges over all other heirs and/or next of kin. Of course, Bobbie Sue Shipley has no valid legal claims whatsoever in this regard.

The next phase of this case is to determine whether or not decedent's expressed desire in his will to be buried in Clarksville, Tenn., must be honored. Under normal circumstances, we believe decedent's wishes should be seriously considered and, if justifiable, they should be honored. In instant case, if we follow the desires of decedent, we would do grave injustice to the surviving spouse. We conclude, therefore, that decedent's expressed wishes should not be followed.

There are two separate reasons why this court is of the opinion that decedent's desires be not followed, since they are contrary to those of his spouse. The first is that under the facts existent in this case decedent, by his own deceitfulness and activities, both prior to and subsequent to the execution of his

will, has forfeited any right to have consideration given to his desires as to a final resting place.

The testimony presented in this case indicates most strongly that decedent led a double life, unknown on one hand to his wife and family in Erie and on the other hand unknown to his former wife with whom he was living in Tennessee, and to his other relatives and friends. After his marriage in 1964 to petitioner, Joanne E. Shipley, he established her and her two children by a former marriage in a home in Erie. Subsequently, they had a child of their own, and in 1966 he adopted her two children by her former marriage. During these and the ensuing years, he visited petitioner, the children and their family and friends in Erie where, under the testimony presented, no one had any thoughts about his leading anything but a normal life in Tennessee, the State in which he conducted his medical practice. His wife was told by him that he lived upstairs over his office in Clarksville. Concerning her going to Tennessee with him, he informed her that that could not be as his parents wanted nothing to do with her and that his former wife, Bobbie Sue Shipley, would kill her.

Petitioner was led to believe by decedent that he planned to sell his medical practice in Tennessee and move to Erie. He had requested his brother-in-law in Erie to look for farm property in the Erie area where he, Joanne and their children could live. After two miscarriages, the second being in June 1969, and after Joanne consulted with her doctor, it was decided that she and decedent should not try to have another child for some few months, and, consequently, it was in October 1969 that decedent and Joanne carefully planned his visits to Erie for four or five days at a time each month attempting to have Joanne conceive another child.

On February 16, 1970, just three days prior to his

death, he wrote petitioner a letter and closed with the following:

"I am looking forward very much to see you. It will be very nice. Sure hope we can start living together soon. I would like this.

"Love always and hope to see you Wed." (nesday)

His plane crashed near the Erie Airport late Wednesday night or early Thursday morning.

Petitioner was aware that Bobbie Sue and his three children born during his marriage to her lived in Clarksville, and decedent had told her that he was paying them $750 per month as support. At the same time, he was giving petitioner $250 a week for herself and their children. He had also discussed his will in general terms with petitioner. He told petitioner that he had left Bobbie Sue Shipley the same amount, $10,000, that he left his parents, because "he felt that he owed her that much." Petitioner, Joanne E. Shipley, was not aware that decedent and Bobbie Sue were living together nor that they had had a fourth child in June 1966, a matter of some three months after decedent had adopted petitioner's two children.

On the other hand, when decedent was in Clarksville, Tenn., he was accepted as a fine family man. From the testimony presented it seems fair to state that, aside from decedent, Bobbie Sue Shipley was the only person who knew that she and decedent were not married. Even decedent's parents thought that their son and Bobbie Sue were man and wife. His minister was under the same impression.

Decedent was highly regarded in that southern city as a fine husband to Bobbie Sue and a devoted father to his four children. He was active in his church and was the county medical examiner.

It seems that no one in Clarksville, other than decedent, was aware of any interest whatsoever in Erie where his lawful wife and his children lived.

The above-recited facts only became known to all concerned after decedent died, but the cruelest blow of all to petitioner must have occurred when she became aware of paragraph XI in the decedent's will, wherein he stated that if Bobbie Sue predeceased him, he desired to be buried at her side.

For these reasons and because of the deceitful double life in which decedent encased himself, it is apparent to this court that he forfeited any right that he may have had to have his desires as to his burial honored, since such desires conflict with those of his lawful widow.

There is a second reason why this court is of the opinion that petitioner's wishes should control over those of decedent. Even if we give serious considerations to the desire of decedent as to his burial, we are of the opinion that, based on the testimony presented in this case by all the witnesses, justice will be best served by allowing the surviving spouse, the petitioner, the right to choose the final resting place of her deceased husband. She was his lawful wife and had been for over five years. He was the lawful father of her children. Her home, which he provided, was here in Erie. Their children have and will continue to reside here in Erie. This is their home and the petitioner desires her husband, who is the father of her children, to be buried in this community.

It is obvious that deceit was practiced on all concerned by decedent. The reasons for such deceit are not known and, since they are not explained in the testimony, are actually of no concern to us at this time; but the fact remains that, because of such deceit, all parties involved in this litigation feel strongly the positions they now defend—and they are justified in taking these positions. They all presented basically credible testimony concerning their knowledge of, and association with, decedent. It is extremely unfor-

tunate that the circumstances that are involved here came into existence, but they do exist and must be resolved.

Wherefore, we enter the following decree, effective as of February 23, 1970, the date of the hearing in this matter.

### DECREE

And now, March 2, 1970, after hearing, it is ordered, adjudged and decreed that:

1. Joanne E. Shipley is the lawful widow of decedent, Darrell Ray Shipley;

2. Bobbie Sue Shipley has no standing concerning the matter of the decedent, Darrell Ray Shipley's, burial; and

3. Joanne E. Shipley is granted the prayer of her petition and is authorized to have custody of the remains of decedent, Darrell Ray Shipley, to arrange his burial wherever she sees fit.

This decree is effective as of February 23, 1970.