## Pulaski v. Kyzer

*John B. Mancke*, for plaintiff.

*Richard C. Snelbaker*, for defendant.

OPINION BY HOFFER, J., Nov. 5, 1980:

On May 28, 1976, Hazel A. Pulaski died testate leaving the defendant, her daughter from a prior marriage, as executrix of her estate. Also surviving Mrs. Pulaski was her husband, the plaintiff. The defendant and her two uncles made the funeral arrangements. As required by the decedent's will, the defendant paid the funeral home for its services in her role as executrix.

On June 17, 1977, the plaintiff purchased a monument for Mrs. Pulaski's grave which was engraved "Hazel A. Pulaski" and placed it upon the grave site. Shortly afterwards, the defendant removed this stone marker and replaced it with a monument that was engraved with the name "Hazel A. Klinger." On February 17, 1978, the plaintiff sued the defendant in equity and requested this court to (a) enter an injunction preventing the defendant from trespassing upon the cemetery lot of the decedent, Hazel A. Pulaski; (b) order that the grave monument placed by the defendant on the cemetery lot be removed; (c) prevent and enjoin the defendant or the defendant's agents from trespassing on the grave site; and (d) order such other remedy as the court deems fit and proper. From the testimony presented at the hearing on July 11, 1980, we make the following:

## Findings of Fact

1. The plaintiff, Robert J. Pulaski, is an adult individual who resided at 12 East Keller Street, Mechanicsburg, Cumberland County, Pennsylvania at the time of filing of his complaint.

2. The defendant, Debra K. Klinger Kyzer, is an adult individual who currently resides at R.D. 1, York Springs, Pennsylvania, and is the executrix of the estate of Hazel A. Pulaski.

3. Robert J. Pulaski and Hazel A. Pulaski were married on November 11, 1967.

4. Hazel A. Pulaski died on May 28, 1976, at which time she and the plaintiff were residing together and maintaining their home at 16 East Keller Street, Mechanicsburg, Cumberland County, Pennsylvania.

5. Hazel A. Pulaski died testate, having named the defendant as executrix; on or about June 15, 1976, the executrix was granted letters testamentary in the estate of Hazel A.

Pulaski upon the defendant's petition to the Register of Wills of Cumberland County.

6. The decedent's will specifically requires the executrix to pay all her just debts and funeral expenses.

7. The defendant and her uncles made arrangements for the decedent's burial at Chestnut Hill Cemetery in Cumberland County, Pennsylvania, where the decedent was buried after the plaintiff's approval of the cemetery site.

8. The defendant, as executrix, paid $1833.40 to Martin L. Myers Funeral Home on November 9, 1978, for funeral services provided.

9. The plaintiff paid $150 on September 11, 1976, for one cemetery lot (and four corner markers) at Chestnut Hill Cemetery.

10. On November 17, 1977, the plaintiff purchased a grave monument which he placed at the grave site of Hazel A. Pulaski.

11. Shortly afterwards, the defendant removed the monument placed on the lot by the plaintiff and placed another monument on the grave site.

12. The monument placed on the cemetery lot by the defendant was placed without the plaintiff's knowledge or permission.

### Discussion

It has long been held that the "primary and paramount right to possession and custody of a body and to control the burial or disposition thereof is in the surviving spouse and not in the children or next of kin, . . .:" *Leschey v. Leschey,* 374 Pa. 350, 353. In a seminal case discussing the rights involved as to place and manner of burial, *Pettigrew v. Pettigrew,* 207 Pa. 313, the court stated:

> "[I]t may be laid down first, that the paramount right is in the surviving husband or widow, and if the parties were living in the normal relations of marriage it will require a very strong case to justify a court in interfering with the wish of the survivor.
>
> "Secondly, if there is no surviving husband or wife, the right is in the next of kin in the order of their relation to the decedent . . ."

Id. at 319. The preference given a surviving spouse stems from the view that the relationship between the husband and wife is the closest family tie: *Leschey v. Leschey,* supra.

In this case, the plaintiff, as the decedent's surviving husband, has the primary right of burial. From this right of burial, and the facts of this case, we find he also has the right to erect a tombstone upon his wife's grave. "The right to bury includes the right to erect a headstone at the grave :" *Simon v. Urbach Monumental Work,* 107 Pitts. 62, 64.

During the hearing, both parties claimed they had ownership of the cemetery lot where Mrs. Pulaski is buried, thus giving each the right to select and install the grave marker. Here, this is not the pivotal issue. In cases involving burial rights, the relationships between the parties and the decedent play the dominant role and less attention is given to the principles of property ownership. As the court in *Hetrick v. Koehler,* 62 D. & C. 2d 470 stated:

"The respective rights of parties relating to the custody and disposal of the remains of the dead rest upon principles of law distinct and peculiar unto themselves. As was stated in Fox v. Gordon [sic], 16 Phila. 185: 'Questions which relate to the custody and disposal of the remains of the dead do not depend upon the principles which regulate the possession and ownership of property, but upon considerations arising partly out of the domestic relations, the duties and obligations which arise from family relationship and ties of blood; . . .'

"The tendency of the courts to break away from a common law distinction between property and personal rights, especially regarding the question involved in this case, is recognized in Pettigrew v. Pettigrew [sic], 207 Pa. 313."

Id. at 472-3, quoting *Block v. Har Nebo Cemetery Company,* 14 D. & C. 237, 237-8.

This is not to say that ownership of the lot is not important, but, with respect to the particular facts of this case, we find ownership is not the controlling element. Here, the lot was not purchased until after Mrs. Pulaski's death and thus was intended for her specific burial. Whether the plaintiff or the defendant actually purchased the lot, the decedent's will specifically required the executrix to reimburse the purchaser from funds of the estate. From this provision of the will, the defendant claims that she is the sole legal representative of the grave site and thus has the only legal right to choose and install a grave marker.

Notwithstanding such an argument, the defendant did

not gain any of the plaintiff's burial rights when fulfilling her duties as executrix and paying for the funeral expenses. "The burial of the dead in this state is not one of the statutory rights and duties of the executors and administrators. The duty of the executor is primarily one of payment, that is, of auditing and paying the expenses of such burial:" *Hodge v. Cameron*, 132 Pa. Super 1, 11. In that case, the executor had also been expressly delegated the duty to pay all funeral expenses. The executor argued that this obligation gave him the superior right to select the undertaker over the rights of the next of kin. In holding that the duty and right of burial were quite different, the court held that the wishes of the surviving spouse or next of kin as to the place and manner of burial could not be disregarded by the court in favor of the administrator's wishes. Thus, since the cost of a tombstone or monument is a proper funeral expense chargeable to the estate (*Kreeger's Est.*, 277 Pa. 326), the defendant has the duty to pay for such an expense but the plaintiff has the right to select the tombstone in this case.

A second issue raised at the hearing was whether the plaintiff had waived the right to select and install the tombstone by his failure to be involved in the making of the funeral arrangements. We have found that the defendant and her two uncles had made all the funeral arrangements and that the plaintiff had not assisted in these decisions except for approving the defendant's selection of the cemetery. The defendant claims such behavior constitutes abandonment of all the plaintiff's rights of burial with respect to the decedent. However, the plaintiff's lack of participation was the result of the defendant's exclusion of the plaintiff from such decisions and not a waiver of his rights. The defendant never desired the plaintiff's opinion nor asked him to participate. Even without such exclusion, it would be difficult to find the plaintiff's quiet acquiescence to the defendant's arrangements constituted a waiver of any of his remaining rights. In *Miller v. New Holland Cemetery Association*, 14 D. & C. 2d 735, the court held that the failure to object at the time of the burial could not waive the rights of the surviving spouse since such rights are of a paramount nature. Instead, the waiver would have to be

much more explicit. Thus, we find the plaintiff's right to select and install a grave marker not to have been waived.

### Conclusions of Law

1. The court has jurisdiction over the parties and the subject matter of this case.

2. The plaintiff, as the surviving spouse, has the primary right to select and install a grave marker upon the decedent's grave.

3. The plaintiff did not waive his rights of burial with respect to the decedent.

### Decree Nisi

And Now, this 5th day of November, 1980, in accordance with the adjudication filed this date, it is hereby

Ordered, Adjudicated, and Decreed that the defendant:

1. Remove the grave monument she placed on the cemetery lot of Hazel A. Pulaski.

2. Return the grave monument erected upon the said site by the plaintiff to its original placement.

3. Refrain from further disturbing the plaintiff's monument in the future.

The prothonotary shall enter this Decree Nisi and give notice to the parties or their counsel. If no exceptions are filed within ten (10) days, the decree, upon praecipe, shall be entered by the prothonotary as a final decree.