## DiObilda v. St. Cecilia's Cemetery

*R. Kerry Kalmbach*, for petitioner, Elizabeth DiObilda.

*Stephen J. Mascherino*, for respondents.

*Stephen Harris*, for St. Cecilia's Cemetery.

WOOD, *J.*, November 23, 1987—I am faced with the petition of Elizabeth F. DiObilda, the surviving spouse of Joseph D. DiObilda, who seeks to disinter her husband's body from its present resting place

and to re-inter it at a different location in the same cemetery. Joseph D. DiObilda died on July 13, 1986, and was buried in St. Cecilia's Cemetery, Coatesville. In her petition, Mrs. DiObilda originally sought to move her husband's body to Fairview Cemetery in Coatesville, where she and her late husband had purchased lots.

She was opposed in this plan by St. Cecilia's Cemetery, which filed an answer and new matter, stating that "[t]he rules of the diocesan cemeteries in article BII, no. 11, provides that 'bodies interred in blessed ground of one of our Catholic cemeteries cannot be removed without the permission of the archbishop to ground not blessed unless there was no valid reason for the burial in the blessed ground in the first instance[,]' " and further that "[t]he archbishop has refused all requests for disinterment to nonCatholic cemeteries; there having been at least 14 such requests and refusals in the last four years."

At the hearing held before me on October 20, 1987, Mrs. DiObilda explained that she first decided to move her husband's body soon after the funeral, when she visited the grave and found that the spray of flowers which she had placed upon it had been thrown off and strewn about. However, now her main concern is that, in its present location, her husband's gravesite affords no room for her to be buried next to him. She now indicates that, rather than move the body to Fairview Cemetery, she would be content to re-inter it in another location in St. Cecilia's Cemetery, where she and Mr. DiObilda could rest side by side. Apparently, this does not offend the rules and regulations of St. Cecilia's Cemetery, and it is able and willing to provide such a location.

With the major impediment to petitioner's wishes thus removed, I must now consider whether Mrs. DiObilda's plan to re-inter her husband should prevail over the opposition of the decedent's children.

There is a general presumption that decedent would not wish his remains to be disturbed. *Novelli v. Carroll,* 278 Pa. Super. 141, 420 A.2d 469 (1980). This presumption grows stronger with the remoteness of petitioner's connection to decedent. *Novelli,* supra. However, a court may permit re-interment if sufficient reasonable cause is shown, which depends on a variety of factors. In *Novelli v. Carroll,* supra, the court advised that I should consider: (a) the relationship of petitioner to decedent, (b) the relationship that the parties seeking to prevent re-interment have to decedent, (c) the desires of decedent, (d) the conduct of those seeking re-interment and those seeking to prevent it, (e) the length of time that has elapsed since the original interment, and (f) the strength of the reasons offered both in favor of and in opposition to re-interment.

In most cases, the interests of the surviving spouse are paramount to those of anyone else. *Pettigrew v. Pettigrew,* 207 Pa. 313, 56 Atl. 878 (1904); *Novelli v. Carroll,* supra. At the hearing before me, the testimony established that although petitioner and decedent never obtained a marriage license or went through a civil marriage ceremony, they lived together from 1967 until Mr. DiObilda's death in 1986 and held themselves out as husband and wife. Petitioner testified that she has used the name Elizabeth DiObilda consistently since approximately 1970. She also stated that she and decedent went through a marriage ceremony themselves and that Mr. DiObilda gave her a diamond ring as part of the ceremony. Furthermore, in his will, Joseph DiObilda left his entire estate "to my

wife, Elizabeth F. DiObilda," and named her as executrix. Letters testamentary were granted to petitioner after a hearing before the register of wills.

This evidence is sufficient to establish that petitioner and decedent agreed to enter into the legal relationship of marriage (*Estate of Gavola,* 490 Pa. 535, 417 A.2d 168 (1980) ), and that petitioner was Joseph DiObilda's spouse by common law at his death. As the surviving spouse, petitioner's claim of the privilege of re-interring her husband is a powerful one. *Novelli v. Carroll,* supra. The court in *Novelli,* quoting from *Leschey v. Leschey,* 374 Pa. 350, 97 A.2d 784 (1953), stated that:

"Where there is no expression of the decedent's desire, 'the wishes of the widow [to have the body of her husband re-interred], under the rule laid down in the *Pettigrew* case, [are] paramount and prevail over those of the children.' 374 Pa. at 354, 97 A.2d at 787." *Novelli,* supra, 420 A.2d at 475.

In this case, although decedent's children originally took a stance against petitioner's wishes, their testimony at the hearing was directed more at justifying their decision regarding the original interment, rather than at opposing re-interment. Moreover, the desires of decedent are not clear. Mrs. DiObilda testified that decedent expressed a wish to be buried with her in Fairview Cemetery. However, Joseph DiObilda Jr., decedent's son, testified that his father planned to be buried in St. Cecilia's Cemetery, next to his first two wives. My own reaction is that Mr. DiObilda was simply trying to say whatever would keep his listener happy.

I must also consider the conduct of the parties to this action. In particular, I should decide whether Mrs. DiObilda acquiesced in the selection of the original burial site, and thereby possibly waived her right to object at this point. Testimony established

that on the evening of Joseph DiObilda's death, with Mrs. DiObilda and decedent's children and niece, Veronica Giuseppe, present, Veronica offered to make the funeral arrangements. No one objected to this, and she subsequently made arrangements with St. Cecilia's Cemetery. However, the testimony is not clear whether the place of burial was explicitly discussed among the family members. Mrs. DiObilda testified that she was too upset that night to discuss burial plans with anyone.

Petitioner's failure to contest the location at the time of burial does not constitute a waiver, especially in view of the fact that she was upset when the arrangements were made. See *Novelli v. Carroll*, supra, 420 A.2d at 473; *Miller v. New Holland Cemetery Association*, 14 D.&C.2d 735 (1958). Moreover, there is no evidence that she explicitly consented to the site. Neither do I find that petitioner waived her rights by the lapse of time since decedent's burial. There is evidence that Mrs. DiObilda resolved to re-inter Mr. DiObilda's body shortly after the burial, when she saw her spray of flowers thrown off the grave, and she contacted counsel while it was "still warm weather." On September 29, 1986, petitioner filed a "motion" at Chester County no. 86-06941, which was dismissed because jurisdiction was properly in the orphans' court. The present petition was filed November 14, 1986.

Finally, petitioner's reason for seeking re-interment is valid. She wishes to be buried side by side with her husband, and in his present location that is impossible. St. Cecilia's Cemetery has consented to provide such a location, and decedent's children have offered no reason why Mrs. DiObilda's wishes in this regard should not be honored. As the court in *Novelli* stated, quoting from *Leschey v. Leschey*, supra:

"If the widow has not waived her [paramount] right [to control the disposition of her husband's body], she may, against the objections of the next of kin, remove her husband's body, after interment, to another place of sepulture." 420 A.2d at 475.

After a careful consideration of all these factors, I must rule in favor of Mrs. DiObilda, and allow her to re-inter the remains of her husband in another location within St. Cecilia's Cemetery.

## DECREE NISI

And now, this November 23, 1987, the petition of Elizabeth F. DiObilda to re-inter the body of Joseph D. DiObilda is hereby granted. Elizabeth DiObilda is hereby authorized to remove her husband's remains from the lot in which they now rest, and to re-inter them in a lot provided by St. Cecilia's Cemetery, at her own cost and expense, including the cost of restoring the original lot to the condition it was in prior to interment. The disinterment and re-interment shall be carried out subject to the rules and regulations of St. Cecilia's Cemetery.