**Nancy J. RAY, Appellant,**

**v.**

**PENNSYLVANIA STATE POLICE, Lieutenant Matthew E. Hunt, Trooper Harding, Trooper John Ridge, and Trooper Les Freeling.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 23, 1994.

Decided Jan. 12, 1995.

F. Stephenson Matthes, for appellant.

John M. Abel, Deputy Atty. Gen., for appellees.

Before COLINS, President Judge, and SMITH, J., and SILVESTRI, Senior Judge.

SMITH, Judge.

Nancy J. Ray appeals from the December 9, 1993 order of the Court of Common Pleas of Franklin County sustaining the preliminary objections in the nature of a demurrer filed by the Pennsylvania State Police, Lieutenant Matthew E. Hunt, Trooper Harding, Trooper John Ridge, and Trooper Les Freeling (collectively Defendants) and dismissing Ray's complaint for emotional distress arising out of the alleged mishandling of her daughter's remains and failure to turn those remains over to Ray for burial. The Defendants filed their preliminary objections raising, in pertinent part, the affirmative defense of sovereign immunity and challenged the sufficiency of Ray's allegations of negligent infliction of emotional distress.

 The trial court is affirmed on the well-written opinion of the court as indicated below: however, the Court notes the following response to the issues raised in this appeal. The trial court properly relied upon this Court's decision in *La Frankie v. Mik-lich*, 152 Pa.Commonwealth Ct. 163, 618 A.2d 1145 (1992), and determined that sovereign immunity bars Ray's claims for intentional infliction of emotional distress. *See also Pickering v. Sacavage*, 164 Pa.Commonwealth Ct. 117, 642 A.2d 555, *appeal denied*, —— Pa. ——, 652 A.2d 841 (No. 275 M.D.Alloc.Dkt., filed December 5, 1994) (holding that a state trooper acting within the scope of his duties is protected by sovereign immunity from intentional infliction of emotional distress claims). The court also acknowledged that the Pennsylvania Supreme Court has not recognized actions for negligent mishandling of the dead, *Kearney v. City of Philadelphia*, 150 Pa.Commonwealth Ct. 517, 616 A.2d 72 (1992), *appeal denied*, 534 Pa. 643, 626 A.2d 1160 (1993); and determined that Ray failed to state a claim for negligent infliction of emotional distress because she failed to plead that she witnessed any traumatic event involving her daughter's remains.[1]

Ray questions whether the trial court erred in determining that sovereign immunity bars her claims since Pennsylvania courts have recognized this cause of action and determined that is falls under the "property exception" to immunity set forth in 42 Pa. C.S. § 8522(b)(3). Ray argues that her action for emotional distress based on the negligent acts of Defendants pursuant to Section 46 of the Restatement (Second) of Torts should have been sustained by the trial court because they rose to the level of outrageous behavior and she need not witness the harm inflicted on her deceased daughter's remains to state a cause of action for negligent infliction of emotional distress.

 Upon review, this Court finds no basis to support Ray's contentions that the trial court erred as the court acted in accordance with the current state of the law.[2] The

---

1. *Cf. Kazatsky v. King David Memorial Park*, 515 Pa. 183, 527 A.2d 988 (1987) (the tort of outrageous conduct causing severe emotional distress as specifically set forth in Section 46 of the Restatement (Second) of Torts (1965) has not been incorporated into the law in Pennsylvania). *See also Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3rd Cir.1979); *Pierce v. Penman*, 357 Pa.Superior Ct. 225, 515 A.2d 948 (1986) (Section 46 of the Restatement (Second)

of Torts does not pertain to emotional distress caused by negligence).

2. A review of the record demonstrates that Ray waived the issue of whether the individual state police defendants could have acted outside the scope of their employment when they committed the intentionally tortious acts because she did not raise the issue before the trial court and cannot raise it for the first time on appeal. *Bolduc v.*

decision of the trial court is affirmed on the basis of the opinion issued by Judge William H. Kaye in *Ray v. Pennsylvania State Police*, —— Pa. D. & C.4th —— (No. A.D. 1993-155, filed December 9, 1993, later supplemented on February 17, 1994). In doing so, this Court, however, shares the sentiments expressed by the trial court in sustaining the preliminary objections.

### ORDER

AND NOW, this 12th day of January, 1995, the order of the Court of Common Pleas of Franklin County is affirmed upon the December 9, 1993 opinion issued by Judge William H. Kaye in *Ray v. Pennsylvania State Police*, —— Pa. D. & C.4th —— (No. A.D. 1993-155, filed December 9, 1993, later supplemented on February 17, 1994).

SILVESTRI, Senior Judge, dissenting.

Because I believe the preliminary objections filed by the Defendant's should have been dismissed, I dissent from the majority's opinion affirming the trial court's sustaining of the same.

I believe the Court of Common Pleas' reasoning in the *Geiges* case, *Geiges v. Rosko*, 49 Pa. D & C 3rd 61 (1987), cited by Ray, is correct. In *Geiges*, the court held that a decedent's remains constitute personal property of the deceased's nearest relatives. The court, reaching this conclusion, set forth the following reasoning:

> Pennsylvania law has long recognized the special rights of the next of kin regarding a decedent's remains. See *Leschey v. Leschey*, 374 Pa. 350, 97 A.2d 784 (1953); *Ronick v. Lynn*, 23 D. & C.3d 456 (1982); *Miller v. New Holland Cemetery Association*, 14 D. & C.2d 735 (1958). These rights include custody of the body (*Leschey*, supra), control of the burial (*Miller*, supra) and the right to contest an exhuma-

tion and/or autopsy, *Commonwealth v. Marshall*, 287 Pa. 512, 135 A. 301 (1926). We are faced with deciding whether these rights rise to the level of a property right. Although early common law recognized no property rights in the body of the deceased person, most jurisdictions have modified this rule. See *O'Donnell v. Slack*, 123 Cal 285, 55 P. 906 (1899); *Burney v. Children's Hospital*, 169 Mass. 57, 47 NE 401 (1897); *Doxtator v. Chicago & W.M.R. Co.*, 120 Mich. 596, 79 NW 922 (1899); *Nichols v. Central Vermont R. Co.*, 94 Vt. 14, 109 A. 905 (1919); *Pettigrew v. Pettigrew*, 207 Pa. 313, 56 Atl. 878 (1904). This line of cases recognizes a quasi property right in a decedent's remains vesting in the nearest relative of the deceased and arising out of their duty to bury their dead. The Pennsylvania Supreme Court in Pettigrew, supra, found a property right in a corpse "subject to a trust and limited in its rights to such exercise as shall be in conformity with the duty out of which the rights arise."

*Geiges*, 49 D. & C. at 65-66.

Accordingly, an allegation of the mishandling of a family members' remains by a local agency, as alleged here by Ray, would fall within the exceptions to immunity set forth in Section 8542 of the Political Subdivision Tort Claims Act. 42 Pa.C.S. § 8542 provides as follows:

> (b) **Acts which may impose liability.—** The following acts done by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . . .
>
> (2) *Care, custody or control of personal property.*—The care, custody or control of personal property of others in the possession or control of the local agency. The only losses for which damages shall be recoverable under this paragraph are

*Board of Supervisors of Lower Paxton Township*, 152 Pa.Commonwealth Ct. 248, 618 A.2d 1188 (1992), *appeal denied*, 533 Pa. 662, 625 A.2d 1195 (1993); Pa. R.A.P. 302(a). Ray failed to plead in her complaint that the individual state police defendants acted outside the scope of their duties as Commonwealth employees, *Bronson v. Lechward*, 155 Pa.Commonwealth Ct. 206, 624 A.2d 799 (1993), *La Frankie*; and the record

reflects no indication that Ray sought leave to further amend her complaint to include this allegation. *Compare Kearney* (trial court did not abuse its discretion in refusing to grant leave to amend a complaint when the plaintiff had been granted one opportunity to amend her complaint and further amendment could not circumvent the city's immunity defense).

those property losses suffered with respect to the personal property in the possession or control of the local agency.

Based on the foregoing, I would reverse the trial court's order sustaining the Defendant's preliminary objections.

Finally, I wish to note my disagreement with the trial court's chastisement of the public officials in its opinion, and, consequently, this court's agreement therewith. The criticism set forth by the trial court was inappropriate and irrelevant to the outcome in this matter.