# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Caraballo,                                          :
                  Appellant       :
                                                :
               v.                                         :   No. 65 C.D. 2018
                                                :   Submitted: March 29, 2018
Joseph H. Dupont, Eric Tice,                         :
S. Ellenberger, C. Wakefield and                   :
Captain Feagley                                            :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE JAMES GARDNER COLINS, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**              **FILED:  July 16, 2018**

Michael Caraballo, proceeding pro se, appeals from the August 8, 2017 Order of the Court of Common Pleas of Huntingdon County (trial court) that dismissed Mr. Caraballo's civil complaint (Complaint) against Joseph H. Dupont, Eric Tice, S. Ellenberger, C. Wakefield, and Captain Feagley (collectively, Defendants) pursuant to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 240(j)(1), based on its determination that the Complaint was frivolous.  In its subsequent opinion, the trial court stated that Mr. Caraballo's appeal should be dismissed because he failed to serve his Concise Statement of Errors Complained of on Appeal (Statement) upon the trial court as required by Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b), and the trial court's

September 12, 2017 order directing the filing and service of that statement. The trial court further explained that, even if the Statement had been served, it properly concluded the Complaint was frivolous. On appeal, Mr. Caraballo argues he attempted to serve the trial court with his Statement and that, in dismissing the Complaint as frivolous, the trial court misinterpreted the Complaint, which set forth valid claims against Defendants.

## I.    The Complaint

Mr. Caraballo filed the Complaint, seeking monetary damages, based on the following averments. Mr. Caraballo is an inmate housed at the State Correctional Institution at Smithfield (SCI-Smithfield). (Complaint (Compl.) ¶ 7.) Defendants are various employees of the Department of Corrections (Department): Mr. Dupont is the Department's Chief Hearing Examiner; Mr. Tice is SCI-Smithfield's Active Deputy/Facility Manager; Mr. Ellenberger is a hearing examiner at SCI-Smithfield; Mr. Wakefield is SCI-Smithfield's Active Superintendent; and Captain Feagley is a "Plum[b]ing-Crew Supervisor" at SCI-Smithfield. (Id. ¶¶ 8-12.)

Mr. Caraballo was assigned to cell A-A-27 (cell 27), and, in response to a work order, a plumbing crew came to that cell on or about April 8, 2017, to unclog the cell's pipes. While performing this work, an inmate-worker discovered elements of a jailhouse weapon in the conjunction pipe located between cell 27 and cell A-A-28 (cell 28), and reported the contraband to his supervisor. The "active" Corrections Officer at this time determined that the pieces were part of a jailhouse weapon, but did not issue a disciplinary report against Mr. Caraballo because the inmate in cell 28, Jason Baran, claimed ownership of the items and that he had flushed them down his toilet. (Id. ¶ 16.) Mr. Baran also informed Captain Feagley, and several others,

that the items were Mr. Baran's, not Mr. Caraballo's. Captain Feagley "[d]isregarded" Mr. Baran's claim and told Mr. Caraballo that a disciplinary report would be issued against him. (*Id.* ¶ 18.) Later that evening, Mr. Caraballo was escorted to the Restricted Housing Unit (RHU) due to the disciplinary report filed by Captain Feagley based on the discovery of the jailhouse weapon, which is contraband. Mr. Caraballo spent 45 days in the RHU.

On April 12, 2017, Mr. Ellenberger held a disciplinary hearing on the allegation that Mr. Caraballo possessed contraband. Despite Mr. Caraballo's claim that the contraband was not his and Mr. Baran's testimony that the contraband belonged to him, Mr. Ellenberger "[i]ntentionally" found Mr. Caraballo guilty of possession of contraband. (*Id.* ¶ 20.) Mr. Caraballo filed appeals to Mr. Wakefield and Mr. Tice, who found the determinations of guilt to be reasonable and correct, and denied Mr. Caraballo's appeals and requests to be released into the general prison population. Mr. Caraballo then filed an appeal to the Department, which, upon final review of the appeal, Mr. Dupont denied.

Mr. Caraballo claims the following actions by Defendants make them liable in this action. Captain Feagley filed the disciplinary report against Mr. Caraballo for the contraband even though other inmates told Captain Feagley that Mr. Caraballo was not involved. Mr. Ellenberger disregarded the relevant facts related to the discovery, possession, and ownership of the contraband when finding Mr. Caraballo guilty of possessing contraband and placing Mr. Caraballo in the RHU. Mr. Tice unreasonably concluded Mr. Caraballo's appeal was "[f]ruitless" even though Mr. Caraballo was suffering by the actions of other SCI-Smithfield personnel. (*Id.* ¶ 9.) Mr. Wakefield was being sued due to his supervisory position and because he, after being made aware of the unjustified punishment of Mr.

3

Caraballo, did not order Mr. Caraballo's release from the RHU. Mr. Dupont was directly involved because he denied Mr. Caraballo "Relief From The Wrong Done To Him By And Through Others . . . Currently Employed By The" Department. (*Id.* ¶ 8.)

Mr. Caraballo asserts the Defendants are liable in their individual and official capacities for acting with bias against him by "Willfully Oppressing/Convicting" him for the "Contraband Found Not In [Caraballo's] Possession, Contraband Which Was Rightfully Owned By Another Inmate." (*Id.* ¶¶ 2, 27.) In doing so, Mr. Caraballo claims, Defendants acted with "[d]epraved and deliberate indifference" and deprived Mr. Caraballo "Of His Constitutional Rights To Property, And Liberty," and, in violation of his due process rights to a fair and impartial hearing, falsely arrested him by placing him in the RHU despite Mr. Baran's admission and the lack of evidence of Mr. Caraballo's ownership or possession of the contraband. (*Id.* ¶¶ 2, 29-32, 36.) He sought "Monetary Relief For The Cruel And Unusuable [sic] Punishment Caused By The Named Defendants." (*Id.* ¶ 2.)[1] Mr. Caraballo further avers that immunity defenses were not available because Defendants' actions were not justified by the Department's policies and because Defendants' conduct constituted a "Crime, Actual Fraud, Actual Malice, or Willfull [sic] Misconduct." (*Id.* ¶¶ 3, 29 (citing *Petula v. Mellody*, 631 A.2d 762 (Pa. Cmwlth. 1993) (addressing governmental immunity under the act commonly referred to as the Political Subdivision Tort Claims Act, 42 Pa. C.S. §§ 8541-8542)).) He asserted "The Defendants' Wrong Doing [sic] Was Intentional, Willfully Done With The Intent To Deprive Him From Common Privileges Access[i]ble To Inmates In [the] General

---

[1] Mr. Caraballo sought punitive damages against Defendants in the amount of $100,000 in their official capacities and $100,000 in their individual capacities. (Compl. ¶¶ 38-39.)

4

Population Among Other Constitutional Rights Available to Inmate[s] Housed In [the] General Population." (*Id.* ¶ 3.)

Along with the Complaint filed on July 27, 2017, Mr. Caraballo filed a Petition for Leave to Proceed In Forma Pauperis. (Original Record Item 1.) Mr. Caraballo filed a supporting affidavit to demonstrate his lack of financial resources.

## II. The Trial Court's Orders and Opinion

The trial court issued the Order, dated August 8, 2017, in which it dismissed the Complaint as frivolous pursuant to Rule 240(j)(1). Rule 240(j)(1) provides that:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or **if it is satisfied that the action, proceeding or appeal is frivolous**.
>
> *Note*: A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Pa.R.C.P. No. 240(j)(1) (emphasis added).

The trial court explained that the Complaint was based on allegations related to Mr. Caraballo's "dissatisfaction with the Department['s] . . . misconduct procedure, the Department's internal disciplinary procedures, and the fact that [Mr. Caraballo] was placed in the [RHU] within the institution." (Trial Ct. Order, Aug. 8, 2017, ¶¶ 4-5.) Based on these allegations, the trial court concluded, Mr. Caraballo was claiming that Defendants violated his due process rights under the Fourteenth Amendment to the United States Constitution. The trial court held this claim was without merit because Defendants satisfied the requirements for procedural due

5

process in prison misconduct proceedings. As required, Defendants provided Mr. Caraballo with: "written notice of the charges at least 24 hours before the hearing"; "a written statement of the facts by the fact finder as to the evidence relied upon and the reason the actions were taken"; and the ability "to call witnesses and present documentary evidence in his defense when institutional safety or correctional goals are not placed at risk." (*Id.* ¶ 6 (citing *Robson v. Biester*, 420 A.2d 9, 12 (Pa. Cmwlth. 1980)).) The trial court further noted that "[i]nternal prison operations are more properly left to the [non-judicial] branches of government[,] and prison officials must be permitted to exercise their judgment in the execution of policies to preserve security free from judicial interference." (*Id.* ¶ 7 (citing *Bronson v. Cent. Office Review Comm.*, 721 A.2d 357, 358 (Pa. 1998)).[2]) Last, it observed that the placement of an inmate in the RHU is not a violation of due process rights. (*Id.* ¶ 8 (citing *Singleton v. Lavan*, 834 A.2d 672, 675-76 (Pa. Cmwlth. 2003)).) For these reasons, the trial court held that the Complaint "failed to allege any action which may have implicated his due process rights." (*Id.* ¶ 9.)

Mr. Caraballo timely appealed from the August 8, 2017 Order.[3] On September 12, 2017, the trial court issued an order directing Mr. Caraballo to "file of record a Statement of Errors Complained of on Appeal within 21 (twenty-one) days from this date. Said Statement shall be filed of record with the Prothonotary **and served on this Court** and opposing Counsel." (Trial Ct. Order, Sept. 12, 2017 (emphasis added).) The trial court advised that "[a]ny issue not properly raised shall be deemed waived." (*Id.*) This gave Mr. Caraballo until October 3, 2017, to file his

---

[2] The trial court refers to this case as "*Brown v. Pennsylvania Department of Corrections*," (Trial Ct. Order, August 8, 2017, ¶ 7), but the citation and proposition for which it is cited is from *Bronson*.

[3] The appeal was initially filed with the Superior Court, which transferred the matter to this Court.

6

Statement with the Prothonotary and serve that Statement on the trial court. Mr. Caraballo's Statement was filed with the Prothonotary on October 2, 2017. The Statement's "Statement of Service" reflects that he "[p]rovided" the Prothonotary with his Statement but not that separate service was made on the trial court.

On October 17, 2017, the trial court issued its 1925(a) opinion[4] in which it states that Mr. Caraballo's appeal should be dismissed because he did not "comply with Pa.R.A.P. 1925(b), by failing to serve [the trial c]ourt with his Rule 1925(b) Statement." (Trial Ct. 1925(a) Opinion (1925(a) Op.) at 1.) Citing this Court's recent opinion, *Clad Management, LLC v. Department of Transportation* (Pa. Cmwlth., No. 819 C.D. 2016, filed April 3, 2017),[5] the trial court reasoned that the "[f]ailure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised, even where granting relief has equitable appeal." (1925(a) Op. (quoting *Clad Mgmt., LLC*, slip op. at 8) (emphasis omitted).) Thus, the trial court held that Mr. Caraballo's failure to serve it with the Statement required that his appeal be dismissed and its August 8, 2017 Order be affirmed. Nevertheless, the trial court indicated that, even if Mr. Caraballo had complied with

_____

[4] Rule 1925(a)(1) of the Pennsylvania Rules of Appellate Procedure states, in pertinent part:

> Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1).

[5] Under Section 414(a) of this Court's Internal Operating Procedures, an unreported panel opinion of this Court issued after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent." 210 Pa. Code § 69.414(a).

Rule 1925(b), it properly dismissed the Complaint as frivolous for the reasons set forth in the August 8, 2017 Order.

### III.    Appeal to this Court

On appeal,[6] Mr. Caraballo asserts multiple reasons as to why the trial court erred in dismissing the Complaint as frivolous. He contends that Defendants' discriminatory and willful misconduct related to the misconduct charge deprived him of his constitutional rights, and his assertions in this regard were clear and supported by the exhibits he attaches to his brief.[7] Mr. Caraballo reiterates his assertions that Defendants denied him of his liberty interest, being within the general prison population, because Defendants disregarded the evidence that the contraband was not his – a challenge not to the Department's misconduct process but to how that process was effectuated in this case. He further asserts that Defendants' actions were willful misconduct and intentional thereby precluding Defendants from asserting immunity for those actions. With regard to the lack of service of the Statement on the trial court, Mr. Caraballo contends he should be considered to have complied with Rule 1925(b) because he attempted to mail the Statement to the trial court.

Defendants respond that a due process claim based on an inmate's liberty interests, as asserted by Mr. Caraballo, is only implicated if the alleged deprivation

---

[6] "Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. No. 240(j)(1) is limited to determining whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

[7] Exhibits A through D5 were not attached to the Complaint and, therefore, are not in the original record. It is well-settled that an appellate court may not consider documents that are not a part of the original record. *Croft v. Unemployment Comp. Bd. of Review*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995). The remaining attached exhibits are contained in the original record.

imposes "an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" (Defendants' Brief (Br.) at 8 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).) According to Defendants, under *Sandin* and *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997), confinement in disciplinary or administrative custody for periods of 30 days and 15 months, respectively, does not rise to the level of an atypical or significant hardship. Mr. Caraballo's 45-day confinement in the RHU, Defendants assert, does not support a due process claim. Even if it had, Defendants argue that Mr. Caraballo received the process he was due and point out that there was evidence that supported the finding of guilt and note that Mr. Ellenberger was free to reject the testimony of Mr. Caraballo and Mr. Baran. Finally, Defendants contend they are entitled to sovereign immunity because they were acting in the scope of the employment, none of the exceptions to sovereign immunity are applicable,[8] and, to the extent Mr. Caraballo asserts Defendants'

---

[8] Section 8522 of the Judicial Code sets forth exceptions to sovereign immunity, stating:

**(a) Liability imposed**.--The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

**(b) Acts which may impose liability**.--The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
**(1) Vehicle liability** . . . .;
**(2) Medical-professional liability** . . . .;
**(3) Care, custody or control of personal property** . . . .;
**(4) Commonwealth real estate, highways and sidewalks** . . . .;
**(5) Potholes and other dangerous conditions** . . . .;

actions were willful misconduct and/or intentional torts, sovereign immunity extends to such willful or intentional actions. *Ray v. Pa. State Police*, 654 A.2d 140, 141 (Pa. Cmwlth. 1995); *Pickering v. Sacavage*, 642 A.2d 555, 560 (Pa. Cmwlth. 1994).[9]

We first consider whether Mr. Caraballo's appeal should be quashed because he did not serve his Statement on the trial court and, therefore, waived all of the issues raised therein. Mr. Caraballo asserts that he attempted to mail the Statement to the trial court on September 27, 2017, but that this Statement, unlike the one sent to the Prothonotary, was somehow lost in the prison mail system. (Mr. Caraballo's Br. at 11-13.) He asserts that, because the Statement was only three pages and he did not request that additional funds be deducted from his inmate account, it is apparent that he attempted, in good faith, to comply with Rule 1925(b). (*Id.* at 12-13.)

Rule 1925(b) provides, in relevant part, the following:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and

**(6) Care, custody or control of animals** . . . .;
**(7) Liquor store sales** . . . .;
**(8) National Guard activities** . . . .;
**(9) Toxoids and vaccines** . . . .

42 Pa. C.S. § 8522 (emphasis in original).

[9] Defendants state the Statement was timely filed because it was filed with the Prothonotary on October 2, 2017. (Defendants' Br. at 7 n.1.) The trial court acknowledged the timely filing with the Prothonotary, but it based its conclusion that the appeal should be dismissed on the fact that Mr. Caraballo also had to serve the Statement on the trial court within 21 days and had not done so. (1925(a) Op. at 1-2.)

10

serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1) *Filing and service*.--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

(2) *Time for filing and service*.--The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

(3) *Contents of order*.--The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

(4) *Requirements; waiver*.

\*\*\*

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

11

Pa.R.A.P. 1925(b). "Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file **and serve** a Rule 1925(b) statement, when so ordered." *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (emphasis added). Our Supreme Court has held that "failure to comply with the minimal requirements of [Rule] 1925(b) will result in automatic waiver of the issues raised," even where granting relief has equitable appeal. *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005). The establishment of "a bright-line rule eliminates the potential for the inconsistent results that existed prior to [*Commonwealth v.*] *Lord*, [719 A.2d 306 (Pa. 1998),] when trial courts and appellate courts had discretion to address or to waive issues raised in non-compliant [Rule] 1925(b) statements." *Schofield*, 888 A.2d at 774. Rule 1925(b)'s requirements "are not subject to *ad hoc* exceptions or selective enforcement[, and] appellants and their counsel are responsible for complying with the Rule's requirements." *Hill*, 16 A.3d at 494.

One such "bright-line rule" is the requirement that a 1925(b) statement be served on the trial court, **in addition to** being filed with the county prothonotary. *Egan v. Stroudsburg Sch. Dist.*, 928 A.2d 400, 402 (Pa. Cmwlth. 2007). Noting that Rule 1925(b) requires that, to preserve issues for appellate review, the 1925(b) Statement be **timely filed and served on the trial court**, we have held the failure of an appellant to serve the statement on the trial court results in the waiver of all the issues contained therein. *Commonwealth v. $766.00 U.S. Currency*, 948 A.2d 912, 915 (Pa. Cmwlth. 2008); *Egan*, 928 A.2d at 402.

The trial court's September 12, 2017 Order complied with the requirements of Rule 1925(b)(3) in that it ordered Mr. Caraballo, within 21 days, to "file[] of record with the Prothonotary **and serve[] on this Court**" his "Statement of Errors Complained of on Appeal" and that "[a]ny issue not properly raised shall be deemed

12

waived." (Trial Ct. Order, Sept. 12, 2017 (emphasis added).) Although Mr. Caraballo timely filed the Statement with the Prothonotary, he did not serve the Statement on the trial court. (1925(a) Op. at 1.) Accordingly, the Statement was not served on the trial court within the 21-day period required by the trial court's September 12, 2017 order and Rule 1925(b)(2).

Mr. Caraballo argues he tried to serve the trial court and that this copy of the Statement got lost in the mail; however, the Statement of Service attached to the Statement timely filed with the Prothonotary reflects service **only** on the Prothonotary. There is no indication thereon that a Statement was mailed which would satisfy the requirement of serving the trial court. Further, Mr. Caraballo has not provided "any reasonably verifiable evidence of the date that" he deposited the trial court's copy of the Statement with the prison authorities. *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (indicating that a Postal Form 3800 or a cash slip noting a deduction from an inmate's account for the mailing could be evidence to support the date a document was delivered to the prison authorities). Thus, Mr. Caraballo's argument that he attempted to comply with Rule 1925(b) in good faith is not born out by the record.[10] Applying the bright-line waiver standard for non-compliance with Rule 1925(b) that is consistently required by our Supreme Court, because Mr. Caraballo did not serve the trial court with his Statement within the 21-

---

[10] We recognize that Rule 1925(c)(2) allows an appellate court to "[u]pon application of the appellant and for good cause shown, . . . remand in a civil case for the filing nunc pro tunc of a Statement . . . and for a concurrent supplemental opinion." Pa.R.A.P. 1925(c)(2). However, this situation is not one where remand is warranted because the record does not support Mr. Caraballo's claim that he previously mailed the trial court's copy of the Statement.

13

day period set forth in Rule 1925(b)(2) and the trial court's September 12, 2017 order, all of Mr. Caraballo's issues raised therein are waived.[11]

---

[11] Even if Mr. Caraballo's issues were not waived, he would not have prevailed. We agree with the trial court that the Complaint was frivolous. An action is frivolous "if, on its face, it does not set forth a valid cause of action." *Bennett v. Beard*, 919 A.2d 365, 366 (Pa. Cmwlth. 2007) (quotation omitted). First, we agree with the trial court that Mr. Caraballo's Complaint was premised on violations of his due process rights by Defendants and that he received the process he was due under the Constitution. *Robson*, 420 A.2d at 12. Mr. Caraballo received notice of the charges, a hearing, and an opportunity to contest the charges. Second, Mr. Caraballo's confinement in the RHU for 45 days does not rise to the level of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that would support a due process claim for an inmate. *Sandin*, 515 U.S. at 484; *Griffin*, 112 F.3d at 706. Third, Mr. Caraballo's claims, which do not aver that Defendants were acting outside the scope of their duties, do not fall within any of the exceptions to sovereign immunity set forth in Section 8522(b) of the Judicial Code, 42 Pa. C.S. § 8522(b), and the case he relies upon to argue Defendants cannot assert immunity, *Petula*, involved local governmental immunity under the Political Subdivision Tort Claims Act, not sovereign immunity. Sovereign immunity extends to intentional torts that are committed while the government employee is acting within the scope of his or her duties. *Ray*, 654 A.2d at 141; *Pickering*, 642 A.2d at 560. Although the trial court did not cite all these reasons in its August 8, 2017 Order, we "may affirm a trial court decision on any ground without regard to the ground relied upon by the trial court itself." *Pompey v. Dep't of Transp., Bureau of Driver Licensing*, 768 A.2d 372, 374 n.6 (Pa. Cmwlth. 2001). For these reasons, the Complaint did not set forth a valid cause of action, and the trial court did not err in dismissing the Complaint as frivolous under Rule 240(j)(1).

## IV. Conclusion

Accordingly, we are constrained to quash Mr. Caraballo's appeal.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Caraballo,                          :
                    Appellant              :
                                           :
            v.                             :    No. 65 C.D. 2018
                                           :
Joseph H. Dupont, Eric Tice,               :
S. Ellenberger, C. Wakefield and           :
Captain Feagley                            :

# **O R D E R**

NOW, July 16, 2018, because Michael Caraballo did not timely serve his Concise Statement of Errors Complained of on Appeal on the Court of Common Pleas of Huntingdon County as required by Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b), there are no issues preserved for appellate review, and the above-captioned appeal is hereby **QUASHED**.

_____
**RENÉE COHN JUBELIRER,** Judge